for; and that no change of possession followed the conveyance. And the allegation of fraud is established positively, by the evidence. The witness Cole, says he applied to Sherman to purchase the land, who told him, at first, he had sold it to Lotridge for $500; and that he would see Lotridge and ascertain if _e would sell it. The witness called on Sherman soon after, who told him he had not seen Lotridge, but that the land was as much his as ever, and he would sell it to witness for $500. He also said, he had conveyed the land to Lotridge till his son should arrive at full age, when Lotridge was to reconvey. Witness procured a deed to be drawn, and offered it to Lotridge for execution, who objected on the ground that the deed contained a covenant of warranty, and he did no. know but the judgment of the United States would operate as a lien from the time of bringing the suit. Witness also states, that when he informed Sherman that Lotridge declined executing the deed, he would go and see if the old rascal meant to cheat ₁im. The testimony of Cole is strongly corroborated by the witnesses, Wreather and Fuller, who testify to other declarations of Sherman, clearly establishing the fraudulent character of the sale and conveyance to Lotridge.

The principle insisted on by the counsel for defendant is, that the defendants having denied under oath, in their answers, the allegations of fraud, must be contradicted by the testimony of more than one witness, is admitted. But its application to this case is not perceived. The fact of the fraud is made out by the testimony of three witnesses, and by strong corroborating circumstances. The court therefore set aside the sale and conveyance as fraudulent, and decree, that the land be sold to satisfy the judgment of the United States, subject to the claim of Barker, for the purchase money due him. And as to Barker the bill is dismissed without costs.

## Case No. 15,629.

### UNITED STATES v. LOTS AND STORES NOS. 50 & 52 PEARL ST., CINCINNATI.

[Nowhere reported; no opinion filed. The decree is given in Jenkins v. Collard, 12 Sup. Ct. 868, 145 U. S. 546.]

## Case No. 15,630.

### UNITED STATES v. LOUDER.

[1 Cranch, C. C. 103.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

COURTS—JURISDICTION—SLAVE—CONSENT.

This court has no jurisdiction to try a slave for larceny, but will quash the indictment and

[1] [Reported by Hon. William Cranch, Chief Judge.]

send him to a justice of the peace to be tried. By consent of parties the court will try the issue, whether slave or not.

Indictment for stealing. The prisoner pleaded ore tenus that he is a slave of S. B. Balch, and concluded to the jurisdiction of this court. 2 Hawk. P. C. 227. The United States joined issue upon that plea.

The attorney for the United States, and the counsel for the prisoner agreed that the court should try the issue, fact as well as law. Whereupon the court examined witnesses, and being satisfied that the prisoner was a slave, ordered him to be delivered to a constable to be carried before a justice of the peace and tried; and the indictment to be quashed, this court not having jurisdiction.

## Case No. 15,631.

### UNITED STATES v. LOUGHERY et al.

[13 Blatchf. 267.] [1]

Circuit Court, E. D. New York. March 8, 1876.

TRIAL — TERM OF COURT — JURY—BYSTANDERS — CHALLENGE TO ARRAY—ESCAPE OF DEFENDANT DURING TRIAL.

1. Section 746 of the Revised Statutes provides, that, when a trial has been commenced and is in progress before a jury or the court, it shall not be stayed or discontinued by the arrival of the time fixed by law for another session of the court. On the trial of an indictment, after several jurors had been called and challenged, and three had been found competent and sworn, the court, on the last day of the term, directed that the trial proceed on the following day, which was the first day of the succeeding term. It so proceeded, and, after a conviction, it was, on a motion in arrest of judgment, held, that the trial had been commenced and was in progress, although a full jury was not empanelled before the term ended.

2. Section 804 of the Revised Statutes provides, that, when the panel is exhausted, the marshal, by the order of the court, shall return jurymen from the bystanders, sufficient to complete the panel. Under such an order, the marshal summoned as jurymen persons who were not in the court room, or about the court house, when such order was made, or when they were summoned, but they were present in court when they were returned by the marshal as present, and when their names were placed on the panel and their ballots placed in the wheel. Held, that they became bystanders, within the meaning of the statute, when they attended.

[Cited in Patterson v. State, 48 N. J. Law, 386, 4 Atl. 452.]

3. Such objection should have been taken as a ground of challenge to the array, before the polls were drawn, and that it was too late to challenge the array after challenging the polls.

4. If, after the trial of an indictment is commenced, the accused escapes from custody, and, for that reason, his further attendance cannot be had, the trial may proceed in his absence.

[This was an indictment against John S. Loughery and Thomas Loughery.]

Hubert G. Hull, Asst. U. S. Dist. Atty.
Isaac S. Catlin, for defendants.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]